**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

In re:

| | |
|---|---|
| WRENA, LLC, a Michigan limited liability company,<br><br>Debtor.<br>_______________________________/ | Chapter 11<br><br>Case No. 24-49047<br><br>Hon. Mark A. Randon |
| CHARLES D. BULLOCK, SOLELY IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF THE WRENA LIQUIDATING TRUST,<br><br>Plaintiff, | Adv. Proc. No. 26- |
| v.<br><br>DARANA HYBRID, INC,<br><br>Defendant.<br>_______________________________/ | |

## COMPLAINT

Charles D. Bullock, solely in his capacity as Liquidating Trustee of the Wrena Liquidating Trust, through counsel, for his Complaint against Darana Hybrid, Inc ("Defendant" or "Darana"), alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is the Liquidating Trustee of the Wrena Liquidating Trust.

2. Darana is a Tennessee corporation that maintains an office in

Hamilton, Ohio.

3. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

6. This is an adversary proceeding under Fed. R. Bankr. P. 7001.

7. Plaintiff consents to entry of a final judgment or order of this Court.

## CASE BACKGROUND

8. Wrena, LLC ("Debtor" or "Wrena") commenced a voluntary case under Chapter 11 of Title 11 of the United States Code on September 23, 2024 ("Petition Date"), in the United States Bankruptcy Court for the Eastern District of Michigan ("Court").

9. On January 21, 2025, Wrena filed its *Chapter 11 Plan of Liquidation* ("Plan"). [Case No. 24-49047-mar, Docket No. 175].[1]

10. On March 10, 2025, the Court entered the *Non-Consensual Order Granting Final Approval of Disclosure Statement and Confirming*

[1] Hereinafter, docket references are to those of the Debtor's case, Case No. 24-49047-mar.

*Chapter 11 Plan of Liquidation* ("Order Confirming Plan"). [Docket No. 232].

11. The Effective Date of the Plan occurred on May 19, 2025. [Docket No. 278].

12. The Order Confirming Plan also approved the establishment of the Wrena Liquidating Trust ("Liquidating Trust") and Charles D. Bullock's appointment as the Liquidating Trustee of the Liquidating Trust as of the Effective Date.

13. Pursuant to the Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors ("Plan"), the Order Confirming Plan, and the Liquidating Trust Agreement, the Trustee is authorized to "investigate, prosecute, compromise, and settle" all Chapter 5 causes of action. [Docket No. 206, Ex. 1, at 12; *see* Docket No. 175, at 6, 12 & 40; Docket No. 232].

**BACKGROUND REGARDING DEFENDANT AND THIS COMPLAINT**

14. Darana provides machinery installation and other installation services.

15. Wrena made transfers identified on Exhibit A to Darana before the Petition Date that the Liquidating Trustee seeks to avoid and recover.

16. The Liquidating Trustee analyzed the transfers identified on Exhibit A for potential defenses and sent demand letters to Darana on September 22, 2025, and November 26, 2025, regarding the transfers and offering a compromise.

17. The Liquidating Trustee received no response from Darana to either demand letter.

**COUNT I – AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS – 11 U.S.C. §§ 547(b), 550, and 551**

18. The Liquidating Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

19. During the 90-day period before the Petition Date, Wrena made or caused to be made the transfers listed on Exhibit A (the "90-Day Transfers," and individually each a "90-Day Transfer") to Defendant from Wrena's bank account(s).

20. The 90-Day Transfers were transfers of an interest in Wrena's property—namely, Debtor's funds.

21. The 90-Day Transfers were to or for the benefit of Defendant.

22. Defendant was a creditor of the Wrena on the date(s) that the 90-Day Transfers were made.

23. The 90-Day Transfers were made for or on account of antecedent debt owed by Wrena to Defendant before such 90-Day Transfer

was made—namely, the 90-Day Transfers were payments related to machinery installation and/or other installation services.

24. Under 11 U.S.C. § 547(f), Wrena is presumed to have been, and was in fact, insolvent at the time the 90-Day Transfers were made.

25. Due to the size of claims and shortfall in recoverable assets, creditors will not be paid the full amount of their claims in Debtor's bankruptcy case.

26. The 90-Day Transfers enabled Defendant to receive more than Defendant would receive if (i) this case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27. Defendant was the initial transferee of the 90-Day Transfers, or in the alternative, Defendant was either the entity for whose benefit the 90-Day Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the 90-Day Transfers.

28. Based upon the Liquidating Trustee's reasonable due diligence in the circumstances of the case, and, taking into account Defendant's known or reasonably knowable defenses, the Liquidating Trustee believes that the 90-Day Transfers are avoidable by the Liquidating Trustee under

11 U.S.C. § 547(b) and recoverable from Defendant under 11 U.S.C. § 550(a).

29. Any transfer avoided under 11 U.S.C. § 547 is automatically preserved for the benefit of the bankruptcy estate with respect to property of the estate. 11 U.S.C. § 551.

30. The Liquidating Trustee is entitled to a judgment under 11 U.S.C. §§ 547(b), 550, and 551 avoiding and recovering the 90-Day Transfers, or the value thereof, for the benefit of Debtor's estate.

**WHEREFORE,** the Liquidating Trustee requests that this Court (i) avoid the 90-Day Transfers, (ii) direct that the 90-Day Transfers be set aside, (iii) order recovery of the 90-Day Transfers, or the value thereof, from Defendant for the benefit of the Liquidating Trust; and (iv) grant the Liquidating Trustee such additional relief as is just and equitable.

## COUNT II – CLAIM DISALLOWANCE

31. The Liquidating Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint.

32. Under 11 U.S.C. § 502(d), the Court must disallow any claim of any entity from which property is recoverable under 11 U.S.C. §§ 542, 547, 548, or 549 unless the entity has turned over the property for which it is liable.

33. The Liquidating Trustee is entitled to turnover of the 90-Day Transfers from Defendant.

34. Defendant has not turned over any of the 90-Day Transfers to the Liquidating Trustee despite demand.

35. Any present or future claims of Defendant against Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

**WHEREFORE**, the Liquidating Trustee respectfully requests that the Court disallow any present or future claims Defendant may have against Debtor's estate and grant the Liquidating Trustee such additional relief that is just and equitable.

Respectfully submitted,

WOLFSON BOLTON KOCHIS PLLC
*Attorneys for the Liquidating Trustee*

Dated: January 23, 2026

By: /s/ Anthony J. Kochis
Anthony J. Kochis (P72020)
880 W. Long Lake Rd., Suite 420
Troy, MI 48098
Telephone: (248) 247-7105
akochis@wolfsonbolton.com

## EXHIBIT A

| Transferor | Date | Amount | Description |
|---|---|---|---|
| Wrena, LLC | 7/9/2024 | $9,281.50 | Check |
| | | **$9,281.50** | **TOTAL** |